IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXIS-KELVIN FOWLERS, AND ANJEANNETTE FOWLERS,<br><br>            Plaintiffs,<br><br>      vs.<br><br>RON JOHNSON, AND LEIANN CARPUZ<br><br>            Defendants. | CIVIL NO. 13-00610 SOM/BMK<br><br>ORDER DISMISSING COMPLAINT AND DENYING AS MOOT THE APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES |

**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT
THE APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES**

On November 8, 2013, Plaintiffs Alexis-Kelvin Fowlers and Anjeannette Fowlers (collectively, the "Fowlers"), filed a Complaint against Defendants Ron Johnson and Leiann Corpuz.[1]  See ECF No. 1.  The Fowlers' disjointed Complaint asserts that Johnson, an Assistant United States Attorney, intends to prosecute them in retaliation for their having filed pending lawsuits against various government agencies.  Id. at PageID # 2.  They go on to assert that Corpuz publically stated, "We're going to bring criminal charges against you."  Id.  The Fowlers then assert that Defendants are conspiring to prosecute them in the wrong court, the "United States District Court," rather than in

---

[1] The Complaint refers to "Leiann Carpuz," which appears to be a reference to a federal law enforcement officer whose last name is actually "Corpuz."

what the Fowlers say would be the appropriate court, the "district court of the United States." Id. Based on these assertions, the Fowlers claim that Defendants have violated their due process and equal protection rights and seek $5,000,000 in damages. Id. at PageID # 2-3.

Concurrent with the filing of their Complaint, the Fowlers filed an application to proceed without prepayment of fees. See ECF No. 4. Even if this court assumes that the Fowlers cannot afford to prepay the costs of initiating this action, this court may deny the motion if it appears from the Complaint that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or that the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See Tripati v. First Nat'l Bank & Trust, 821 F.2d 139, 140 (9th Cir. 1962).

The court dismisses the Complaint and denies as moot the motion to proceed without payment of fees because the Fowlers fail to state a claim upon which relief can be granted. As held by the Supreme Court, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). "[D]etailed factual allegations," are not required, but more than an unadorned, the-defendant-unlawfully-harmed-me accusation is necessary." Id. at 678. A pleading that offers "labels and

conclusions" or only "a formulaic recitation of the elements of a cause of action will not do." Id.  A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id.

The Fowlers' Complaint does not raise any factual allegations on which relief can be granted.  The Complaint vaguely accuses Defendants of having violated the Fowlers' due process and equal protection rights and also confusingly discusses this court's proper name.  Nowhere in the Complaint do the Fowlers make allegations indicating actionable wrongdoing by either Johnson or Corpuz.  Without such factual allegations, this court is left with nothing but conclusory allegations that simply do not support any claim.  Accordingly, the Complaint is dismissed for failure to assert claims concerning which the court can grant relief.  The application to proceed without prepayment of fees is therefore denied as moot.

The Fowlers may file an Amended Complaint no later than January 6, 2014.  In any such Amended Complaint, the Fowlers must assert a claim concerning which the court can grant relief.  Any Amended Complaint may not incorporate the original Complaint by reference; it must be a complete document in itself.  If the Fowlers amend the Complaint, they must either pay the applicable filing fee or submit another application to proceed without prepayment of fees.  If the Fowlers fail to timely amend the

Complaint by January 6, 2014, or if they fail to pay the filing fee or submit another application to proceed without prepayment of fees by that date, this action will be automatically dismissed.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, December 10, 2013.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

Fowlers v. Johnson et al; Civil No. 13-00610 SOM/BMK; ORDER DISMISSING COMPLAINT AND DENYING AS MOOT THE APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES