IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXIS-KELVIN FOWLERS, AND ANJEANNETTE FOWLERS,<br><br>          Plaintiffs,<br><br>     vs.<br><br>RONALD G. JOHNSON, AND LEIANN CORPUZ<br><br>          Defendants. | CIVIL NO. 13-00610 SOM/BMK<br><br>ORDER DISMISSING COMPLAINT AND DENYING AS MOOT THE APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES |

**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT
THE APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES**

On February 5, 2013, Plaintiffs Alexis-Kelvin Fowlers and Anjeannette Fowlers (collectively, the "Fowlers") filed their Second Amended Complaint ("SAC") against Defendants Ronald G. Johnson and Leiann Corpuz. See ECF No. 18. The SAC alleges that Johnson, an Assistant United States Attorney, and Corpuz, "an IRS agent," intend to prosecute the Fowlers in retaliation for their having filed a lawsuit against various government agencies. Id. In their original Complaint, the only relevant factual allegation supporting this claim of malicious prosecution was that Corpuz had allegedly stated, "We're going to bring criminal charges against you." ECF No. 1. The Fowlers' First Amended Complaint, curiously, contained fewer factual allegations than the original Complaint and simply stated without factual elaboration that the Defendants had "threat[ened] to present [a] false claim before a

grand jury" and "slandered [the Fowlers] in front of [their] family." ECF No. 11. This court has twice ruled that the Fowlers' allegations require greater factual elaboration for the court to identify any alleged misconduct on the part of Johnson or Corpuz.

In the SAC, the Fowlers retread the same allegations included in the first two complaints. Their principal addition is a description of a conversation that Johnson and Corpuz allegedly had with two of the Fowlers' relatives in which Johnson and Corpuz offered one of them "a plea bargain to help the government" in an intended prosecution of the Fowlers, and told that relative that they "were going to proceed with [the] prosecution" regardless of whether she helped them. ECF No. 18. The Fowlers assert that this conversation demonstrates that the alleged "intent to prosecute is [v]indictive." Id. The SAC also alleges that Corpuz "showed up at [the Fowlers'] domicile unannounced with another [person], pretending to be [a] [f]ederal [l]aw [e]nforcement [officer]" and "harass[ed them]." Id. Finally, as they alleged in their original Complaint, the Fowlers state that Defendants "are conspiring to prosecute them in the wrong court," the "United States District Court," rather than in what the Fowlers say would be the appropriate court, the "district court of the United States." Id.

While the original Complaint alleged generally that

Johnson and Corpuz had violated the Fowlers' due process and equal protection rights, the SAC now alleges more specifically a violation of 42 U.S.C. § 1985 and 18 U.S.C. § 241, based on Defendants' alleged "present[ation of] false claim[s] to a grand jury, [and] trespass, harassment, and [s]lander." Id.

Concurrent with the filing of the SAC, the Fowlers once again file an application to proceed without prepayment of fees. See ECF No. 4. Even if this court assumes that the Fowlers cannot afford to prepay the costs of initiating this action, this court may deny the motion if it appears from the SAC that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or that the action seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Tripati v. First Nat'l Bank & Trust, 821 F.2d 139, 140 (9th Cir. 1962).

The court dismisses the SAC and denies as moot the motion to proceed without payment of fees because the Fowlers once again fail to state a claim upon which relief can be granted.

"[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." Id.  The Fowlers say that they are bringing this action under 42 U.S.C. § 1985 and 18 U.S.C. § 241.  Defendants cannot be liable under either statute. First, 42 U.S.C. § 1985 is inapplicable because Johnson and Corpuz are alleged to be federal, not state, officials and are therefore not acting "under color of state law."  See Giannini v. Real, 911 F.2d 354, 359 (9th Cir. 1990).  For the same reason, any potential 42 U.S.C. § 1983 claim would be similarly foreclosed.  Second, 18 U.S.C. § 241 is a criminal statute that does not confer a private right of action.

The court construes the SAC as attempting to state the kind of civil rights claim against federal officers created by the Supreme Court in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Hartman v. Moore, 547 U.S. 250, 255 (2006) ("Though more limited in some respects . . . a Bivens action is the federal analog to suits brought against state officials under [§ 1983.]").

However, the Fowlers provide insufficient allegations from which Bivens liability may be inferred.  The Fowlers' specific allegations, liberally construed, concern harassment, slander, trespass, and malicious prosecution.  "Slander" is not a constitutional tort at all, see Paul v. Davis, 424 U.S. 693 (1976), let alone an action cognizable under the more limited scope of Bivens.  Similarly there is no free-standing

4

constitutional tort of "harassment." Rutledge v. Ariz. Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981). The Fowlers' malicious prosecution claim, on the other hand, may be cognizable under Bivens. See Hartman, 547 U.S. at 256 ("[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out."). But "in order to prevail on [a constitutional] claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him . . . [a] specific constitutional right." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal quotation omitted). There is no allegation that a prosecution has been initiated at all, let alone that it has been initiated maliciously for the purpose of denying the Fowlers an identifiable constitutional right. Finally, while "trespass" may be a cognizable constitutional tort under Bivens if it constituted an unlawful search of the Fowlers' premises, the mere fact that a government official "showed up . . . unannounced" at the Fowlers' home does not mean that the Fowlers' Fourth Amendment rights have been violated.

In short, the Fowlers assert no viable federal claims. Moreover, even if the Fowlers did have a cause of action under federal law, the allegations in the SAC, taken as true, do no

more than support the conclusion that the Fowlers are being investigated by government officials in anticipation of a potential indictment.  The Fowlers do not explain why any of Defendants' alleged actions are unlawful.  In particular, the SAC contains no factual allegation that supports the inference that Defendants' alleged actions are retaliatory, and not in good faith.  Such "naked assertion[s]" devoid of "further factual enhancement," Iqbal, 556 U.S at 678, are insufficient to state a claim.  Finally, the Fowlers' assertion that they are being "prosecut[ed] . . . in the wrong court" is "incomprehensible and therefore without arguable basis in law." Jackson v. Ariz., 885 F.2d 639, 641 (9th Cir. 1989).

Accordingly, the SAC is dismissed for failure to assert claims concerning which the court can grant relief.  The application to proceed without prepayment of fees is therefore denied as moot.  The SAC is dismissed without further leave to amend.  A district court's "discretion . . . [to deny leave to amend] is particularly broad where, as here, a plaintiff previously has been granted [such leave]." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 879 (9th Cir. 1999).  "Dismissal without leave to amend is proper if it is clear that the complaint [cannot] be saved by amendment." Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008).  Having been given two attempts to demonstrate actionable misconduct on the

part of Johnson and Corpuz, the Fowlers appear unable to articulate any federal claims upon which relief may be granted. Because further amendment would be futile, the Clerk of Court is directed to enter judgment for Defendants and to close this case.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, February 11, 2014.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

Fowlers v. Johnson et al; Civil No. 13-00610 SOM/BMK; ORDER DISMISSING COMPLAINT AND DENYING AS MOOT THE APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES